[Crim. No. 4808. Third Dist. Aug. 29, 1968.]

In re ROBERT V. JONES on Habeas Corpus.

Miles L. Snyder, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and A. Wells Petersen, Deputy Attorneys General, for Respondent.

REGAN, J.—Robert V. Jones, presently an inmate of the California state prison at Folsom, has filed in this court the instant petition for a writ of habeas corpus on the ground that he was denied his constitutional right to counsel during 1960 proceedings before the superior court in Kern County and that he did not intelligently waive such right.

Petitioner was arraigned on July 27, 1960, and a preliminary examination was held in the municipal court, Bakersfield Judicial District, Kern County, charging him with two counts of forgery. (Pen. Code, § 470.) The People were represented by a deputy district attorney and petitioner appeared in propria persona.

At this proceeding petitioner was advised that he had a right to have an attorney at all stages of the proceedings. Petitioner, however, decided to waive the preliminary and asked the court if he could make a statement.

The court advised petitioner that he didn't have to do this, and after indicating that he understood, petitioner was sworn and made an open-court confession to the crimes with which he was charged, i.e., two counts of forgery.

Petitioner was then bound over to the superior court for arraignment and sentencing on August 2, 1960. The People were again represented by a deputy district attorney and the petitioner appeared in propria persona. Prior to reading the information the judge asked petitioner if he wanted the court to appoint a lawyer for him. The petitioner responded in the negative.

Petitioner was furnished a copy of the information and it was read to him; petitioner then entered a plea of guilty to both counts and was sentenced to state prison for the term prescribed by law, the terms to run concurrently.

Since petitioner has presented no satisfactory explanation for his dilatoriness before seeking relief, the People urge that such contentions should not now be considered as a valid basis for habeas corpus relief, citing *In re Wells,* 67 Cal.2d 873, 875 [64 Cal.Rptr. 317, 434 P.2d 613] ; *In re Streeter,* 66 Cal.2d 47, 52 [56 Cal.Rptr. 824, 423 P.2d 976] ; *In re Swain,* 34 Cal.2d 300, 302 [209 P.2d 793].

 The right to the assistance of counsel at trial is a constitutional right (*Gideon* v. *Wainwright*, 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *In re Johnson*, 62 Cal.2d 325, 329-330 [42 Cal.Rptr. 228, 398 P.2d 420]; see also *Swenson* v. *Bosler*, 386 U.S. 258, 260 [18 L.Ed.2d 33, 36, 87 S.Ct. 996] (right on appeal)) and applies retrospectively without regard to time. (*People* v. *Coffey*, 67 Cal.2d 204, 214 [60 Cal.Rptr. 457, 430 P.2d 15].) Furthermore, in *In re Mitchell*, 68 Cal.2d 258 [65 Cal.Rptr. 897, 437 P.2d 289], the California Supreme Court rejected the People's argument that there was no adequate justification for a petitioner's delay in seeking collateral relief by stating (at p. 263): "[W]e hold that sufficient justification for petitioner's delay in seeking collateral relief is to be found in his ignorance of law and legal procedures."

Where the right to counsel is in issue, *Swain* and its counterpart cases cannot be relied upon to bar collateral relief where petitioner's delay is to be found in his ignorance of law and legal procedures. (See *In re Mitchell, supra*, 68 Cal.2d at p. 263; see also *In re Woods*, 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913].)

With respect to the right to counsel, we examine the language of *In re Fresquez*, 67 Cal.2d 626, 629-630 [63 Cal.Rptr. 271, 432 P.2d 959]. There the court stated:

"A person accused of a felony, of course, has the right to the assistance of counsel in the trial court. (*Gideon* v. *Wainwright*, 372 U.S. 335, 336 et seq. [9 L.Ed.2d 799, 800, 83 S.Ct. 792, 93 A.L.R.2d 733]; Cal.Const., art. I, § 13, Pen. Code, § 686.) Several statutory provisions implement this right. The Penal Code requires that the trial court inform an accused of his right to counsel when he is arraigned before the trial court (Pen. Code, § 987) and before accepting a guilty plea (Pen. Code, § 1018). In order to fully apprise the accused of that right, the trial court should inform him not only that he has a right to counsel but also that the court will appoint an attorney to represent him without cost to him if he is indigent. (Cf. *Miranda* v. *Arizona*, 384 U.S. 436, 473 [16 L.Ed.2d 694, 722, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *In re Smiley*, 66 Cal.2d 606, 614-616 [58 Cal.Rptr. 579, 427 P.2d 179].)

 "The right of an accused to counsel may be waived. (*Johnson* v. *Zerbst*, 304 U.S. 458, 465 [82 L.Ed. 1461, 1467, 58 S.Ct. 1019, 146 A.L.R. 357]; see *Escobedo* v. *Illinois*, 378 U.S. 478, 490 fn. 14 [12 L.Ed.2d 977, 985, 84 S.Ct. 1758]; *In re Berry*, 43 Cal.2d 838, 846 [279 P.2d 18].) ' "[A] finding of

waiver is not lightly to be made"' (*People* v. *Douglas*, 61 Cal.2d 430, 434 [38 Cal.Rptr. 884, 392 P.2d 964]) and 'It has been pointed out that "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and that we "do not presume acquiescence in the loss of fundamental rights." A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.' (*Johnson* v. *Zerbst, supra,* 304 U.S. at p. 464 [82 L.Ed. at p. 1466]; see also *Carnley* v. *Cochran,* 369 U.S. 506, 515 [8 L.Ed.2d 70, 76, 82 S.Ct. 844.)

" 'The determination of whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' (*Johnson* v. *Zerbst, supra,* 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]; *In re Woods,* 64 Cal.2d 3, 8 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Luce,* 64 Cal.2d 11, 14 [48 Cal.Rptr. 694, 409 P.2d 918]; *In re Johnson,* 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420]; *People* v. *Chesser,* 29 Cal.2d 815, 822 [178 P.2d 761, 170 A.L.R. 246].) ' " '[T]he court cannot accept a waiver of counsel from anyone accused of a serious public offense without first determining that he "understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted [quoting from *In re James* (1952) 38 Cal.2d 302, 313 [240 P.2d 596]]." ' " ' ' (*People* v. *Carter,* 66 Cal.2d 666, 671 [58 Cal. Rptr. 614, 427 P.2d 214]; *In re Johnson, supra,* 62 Cal.2d 325, 335.) The scope of the inquiry will, of course, vary according to the seriousness of the crime charged, and the trial judge is not required to demand that a defendant, as a prerequisite to representing himself, demonstrate either the acumen or the learning of an attorney. (*People* v. *Carter, supra,* at p. 672; *People* v. *Linden,* 52 Cal.2d 1, 17 [338 P.2d 397].) "

In the instant case the record shows that the following occurred at the arraignment and preliminary examination held in the municipal court:

"THE COURT: Robert Verner Jones. Is that your correct name, Robert Verner Jones?

"THE DEFENDANT: Yes, it is, your honor.

"THE COURT: Mr. Jones, I hand you a copy of this complaint which has been filed against you. Mr. Jones, I will also read it to you.

"It is charging you with the crime of felony in two counts, to wit: forgery, committed as follows:

" . . . . . . . . . .

[Thereupon the judge read the complaint.]

"THE COURT: Mr. Jones, this complaint is signed by Mr. Wheeler on July 25, 1960.

"You are entitled to a speedy examination or a reasonable time in which to formulate your defense.

"You are entitled to bring in witnesses to testify for you.

"The court will issue supoenaes [sic] to bring in witnesses to testify for you.

"You have a right to question any witness who may testify against you.

"You have a right to have an attorney at all stages of the proceedings.

"You are entitled to reasonable bail pending all these hearings.

"You are to be warned that anything you say at this particular hearing is being taken down by a reporter here, and can be used against you later.

"THE DEFENDANT: I would like to make a statement and waive my preliminary.

"THE COURT: You don't have to, though. You understand that?

"THE DEFENDANT: Yes.

"THE COURT: All right, Mr. Jones. Do you want to step up and be sworn?

" . . . . . . . . . .

[Thereupon petitioner was examined by a deputy district attorney and made an open-court confession of both crimes charged.]

"Q. Have you ever been convicted of a felony, sir? A. Yes, I have. Q. What was that for? A. Armed robbery. Q. Did you serve any time in the state penitentiary? A. Yes, I did. Q. Was that the only felony that you have on your record? A. No. I have a forgery, I believe. Q. Did you serve any time in any state or federal penitentiary for that? A. No. Q. You got probation on that? A. Yes. Q. Is it your intention to plead guilty to this charge? A. Yes, it is. Q. Has anyone made any threats or promises to you to get you to make a statement? A. No. Q. This statement that you have made is free and voluntary on your part? A. Yes. [The judge thereupon bound petitioner over to the superior court.]"

The record shows that the following occurred at arraignment and sentencing proceedings held in the superior court:

"THE COURT: This seems to be the case of People against Robert Verner Jones; V-e-r-n-e-r. Is that your name?

"THE DEFENDANT: That's right, sir. Q. And how old are you? A. Twenty-five, sir. Q. Well, you were bound over here from the municipal court, and you are presently charged with two counts of forgery. According to this record, you waived having a lawyer appointed in the municipal court. What is your intention in that regard here? A. Well,— Q. Do you want the court to appoint a lawyer for you? A. Oh, no sir. THE COURT: Well, here is a copy of the charges that are presently made against you; that is the information." After a reading of the information, petitioner pleaded guilty to two counts of forgery.

In the manner heretofore indicated petitioner was informed of his right to counsel (along with other rights) in the municipal court proceedings. In *In re Van Brunt,* 242 Cal.App. 2d 96, 103-104 [51 Cal.Rptr. 136], this court stated: "When, under state procedures, the preliminary examination before a committing magistrate represents a critical stage in the prosecution, the federally protected right of counsel extends to the preliminary examination. [Citations.]

"Article I, section 8, of the state Constitution and Penal Code section 859a (fn. 1, *supra*) preclude a guilty plea before a magistrate when the accused does not have the protection of counsel. Similarly, Penal Code section 860 permits a waiver of preliminary examination only when the defendant is represented by counsel. [Citation.] Established law requires rejection of the claim that petitioners' courtroom confessions were equivalent to prohibited pleas of guilt. Penal Code section 866.5 impliedly sanctions an unrepresented defendant's examination under oath at the preliminary hearing, provided he has first been advised of and waived his right to counsel. *In re Berry,* 43 Cal.2d 838, 843-844 [279 P.2d 18], holds that the accused's voluntary confession before the magistrate *after a waiver of counsel* relieves the prosecution of the necessity of presenting further evidence; that the defendant's sworn statement satisfies the demand for preliminary examination; that the magistrate's order holding the defendant to answer is not the equivalent of an order certifying the defendant after a plea of guilty. [Citation.] *In re Berry* rejects the notion that a defendant's statement of guilt at a preliminary

examination may be classed as a guilty plea or as a waiver of preliminary examination.''

At the arraignment and sentencing in the superior court, the trial judge, while recognizing that petitioner had waived counsel in the municipal court, still asked petitioner his intentions with regard to counsel in the superior court. After an equivocal response, the judge asked petitioner specifically if he wished the court to appoint counsel for him. Petitioner flatly rejected the offer.

Petitioner's contention that he was not advised of his right to counsel is refuted by the record. The question then presents itself, however, as to whether such waiver was intelligently and knowingly made, i.e., was petitioner's decision '' '. . . an intentional relinquishment or abandonment of a known right or privilege. . . .' '' (*Johnson* v. *Zerbst,* 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357].)

In this connection, the court, in *In re Johnson, supra,* 62 Cal.2d 325, 335, stated: ''Manifestly that determination must be made *before* any plea—guilty or otherwise—is accepted by the trial court, or the right to counsel loses most of its meaning and effectiveness. The making of this determination in a timely fashion is therefore the 'serious and weighty responsibility' of the trial judge. (*Johnson* v. *Zerbst* (1938) *supra,* 304 U.S. 458, 465 [82 L.Ed. 1461, 1467].) As we said in *Chesser* (at pp. 821 [1] - 822 [5] of 29 Cal.2d), 'The fact that defendant pleaded guilty is not conclusive. . . . In order for a trial judge to determine whether there has been a competent and intelligent waiver of counsel, he must first ascertain whether the defendant clearly understands the nature and effect of his waiver.' More particularly, 'the court cannot accept a waiver of counsel from anyone accused of a serious public offense without first determining that he ''understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted.'' ' (*In re James* (1952) 38 Cal.2d 302, 313 [9] [240 P.2d 596].) ''

The reasons for this inquiry are set forth in *People* v. *Carter,* 66 Cal.2d 666 at page 672 [58 Cal.Rptr. 614, 427 P.2d 214]: ''The inquiry into the defendant's ability to defend himself fulfills a two-fold purpose. It serves not only to determine his competence, but also to alert him to the seriousness of the action he contemplates as well as the pitfalls he may expect to encounter.''

The court here did not inquire into the pleas and defenses

which may have been available or the punishments to be exacted. Under the circumstances, however, it would appear that this line of inquiry was unnecessary. After being advised of his right to counsel, petitioner told the court he wished to make a statement and waive the preliminary. After being told that he did not have to do so, he indicated that he still wished to make a statement, and the court permitted him to do so. Petitioner already had been convicted of two prior felonies and had been arrested twice during his first parole, once in Los Angeles for attempted burglary and once in Kern County for the instant offense. Petitioner was first arrested in 1956 for armed robbery, and again in 1960 for forgery, the very offense of which he now stands convicted. Thus, petitioner cannot claim an unawareness of the consequences of the conviction and of his willingness to refuse the services of a lawyer, waive the preliminary and make a statement. It is not necessary for a trial judge to impart a legal education to a defendant who seeks to represent himself. (See *People* v. *Carter, supra,* 66 Cal.2d at p. 673; see also *In re Fresquez, supra,* 67 Cal.2d at p. 630.

A determination of waiver involves an exercise of discretion by the trial judge which, in the absence of a showing of abuse, will not be disturbed on appeal. (*People* v. *Carter, supra,* 66 Cal.2d at p. 672.) The factual question is not whether the trial court explicitly made statements to defendant covering each of these topics, but whether the record shows the requisite *understanding* on his part.

Here, the charges were furnished to defendant and read to him on two separate occasions. He was advised of his right to counsel, yet persisted in waiving the preliminary and making a statement. In the superior court he again refused to have counsel appointed. There is nothing in the record to indicate that petitioner did anything but make a knowing and intelligent waiver. Nor is there any evidence to indicate that he was not aware of his predicament. A finding of knowing and intelligent waiver is reinforced by the fact that petitioner was not an inexperienced youth, unfamiliar with courts and legal procedure, for he had had experience with the police and courts. (See *In re Fresquez, supra,* 67 Cal.2d at pp. 631-632.)

This court is fully aware that *In re James,* 38 Cal.2d 302 [240 P.2d 596], requires the court, prior to accepting a waiver of counsel, to first determine that the defendant " 'understands the nature of the charge, the elements of the offense,

the pleas and defenses which may be available, or the punishments which may be exacted.' ''

The performance of this word ritual is made unnecessary when the record discloses, as here, the previous criminal record, the courtroom experience, the offer of counsel and his knowing waiver thereof, and the awareness of defendant of the proceedings that confront him. Defendant was offered trial counsel and he intelligently and understandingly waived his right to counsel. (See *In re Fresquez, supra*, 67 Cal.2d at pp. 631-633; *People* v. *Carter, supra*, 66 Cal.2d at pp. 672-673.) The trial court's inquiry was adequate under the circumstances of this case.

On the issue of whether or not there was an intelligent and understanding rejection of counsel, we state the holding in *People* v. *Pineda*, 253 Cal.App.2d 443, 478-479 [62 Cal.Rptr. 144]:

''On this issue *Carnley* (*id.*, pp. 516-517 [8 L.Ed.2d pp. 77, 78]) leaves *Moore* v. *Michigan* (1957) 355 U.S. 155 [2 L.Ed. 2d 167, 78 S.Ct. 191] unscathed. *Moore* directs that when a defendant has been offered and refused counsel, and subsequently seeks to collaterally attack a judgment upon the ground that he did not have the benefit of counsel, he has 'the burden of showing, by a preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel.' (355 U.S. at pp. 161-162 [2 L.Ed.2d at pp. 172, 173.) '' Petitioner has failed in this respect.

The order to show cause is discharged and the petition is denied.

Pierce, P. J., concurred.

FRIEDMAN, J.—I concur in the result. I cannot agree that petitioner was adequately advised of his right to counsel either in the municipal or in the superior court; nor do I agree with the implication that a judge's internal determination that the defendant knows what he is doing excuses the judge from compliance with the constitutional demands embodied in the Penal Code. The magistrate violated Penal Code section 859, which required him to initiate an inquiry into the defendant's desire to be represented by counsel, his ability to procure counsel and, if the defendant was unable to employ an attorney, to assign competent counsel to conduct the defense. (*Bogart* v. *Superior Court*, 60 Cal.2d 436, 439 [34 Cal.Rptr. 850, 386 P.2d 474].) The magistrate also violated Penal Code section 866.5, which prohibits the defendant's

examination unless he is first fully informed of his rights and waives counsel.

The superior court judge was also required to inform petitioner that he had a right to counsel and that the court would appoint an attorney without cost if he was indigent. (*In re Fresquez,* 67 Cal.2d 626, 629 [63 Cal.Rptr. 271, 432 P.2d 959].) Unfortunately, the superior court judge was led into error by a record which erroneously implied an acceptable warning in the municipal court. Thus the judge filled the hiatus only partially when he asked: ''Do you want the court to appoint a lawyer for you?'' The latter inquiry did not carry with it awareness of availability of counsel at public expense.

Nevertheless, the combination of partial advice plus petitioner's prior experience in criminal proceedings supports a prima facie inference that he had adequate understanding of his rights and intelligently waived them. As I interpret *People* v. *Pineda,* 253 Cal.App.2d 443, 479 [62 Cal.Rptr. 144], a petitioner collaterally attacking his conviction has the burden of rebutting such a prima facie record. Petitioner has not fulfilled that burden, but has rested his case entirely on the inadequacies of the judicial admonitions.