[Crim. No. 3299. Fourth Dist., Div. One. Nov. 26, 1968.]

In re DEAN ELLIOT McWHINNEY on Habeas Corpus.

Richard S. Henderson for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General. and Thomas S. Kerrigan, Deputy Attorney General, for Respondent.

COUGHLIN, J.—Pursuant to a judgment in a criminal case, petitioner was committed to the state prison where he remained until paroled; contends his commitment was illegal because he was denied the right to counsel; and concludes his detention under the parole violation order was illegal because of the illegality of the commitment. He petitioned this court for a writ of habeas corpus and we issued an order to show cause why the writ should not be granted.

In 1952 petitioner was charged by an amended information with burglary while armed with a deadly weapon, i.e., a revolver; with possession of a blackjack; and with conviction of a prior felony for which he had served a term of imprisonment in a federal penitentiary.

The original information did not allege the prior conviction. When arraigned thereon petitioner waived counsel and

entered pleas of guilty to attempted burglary and to possession of a blackjack. There is no record of the proceedings before the court at the time of this arraignment and entry of pleas, the reporter's shorthand notes thereof having been destroyed in 1962 pursuant to Government Code, section 69955.

At the time set for pronouncement of judgment following the pleas aforesaid, the amended information was filed. There is a transcript of those proceedings. The amended information was read to petitioner. He was told the only difference between the original and amended informations was that the latter added the prior conviction; was asked if he admitted or denied the prior conviction; and stated it was true. He was not again advised of his right to counsel. Thereafter petitioner was asked by the court if his plea to the amended information was the same as to the original information; he replied "Yes, sir"; and again admitted the prior conviction. While considering petitioner's previous application for probation, the court discussed with the probation officer his right to apply for probation in view of the fact he was armed with a deadly weapon at the time of the attempted burglary. Both informations alleged petitioner was armed with a revolver at the time of the charged burglary. The probation officer advised the court he was told by petitioner the latter believed he was pleading guilty to the attempted burglary and did not recall pleading guilty to being armed at the time. The court stated there was no doubt about petitioner being armed; denied probation; and fixed the degree of the attempted burglary at first degree. There is some question whether petitioner was armed with a gun. From the report of the probation officer[1] it appears McWhinney was seen by police officers prying on the side door of a cafe; he ran and was apprehended; a regulation police sap was found in the pocket of his trousers; a codefendant, acting as a lookout, also was apprehended; in the latter's automobile, which was parked a short distance from the cafe, the officers found a revolver on the floor beneath the driver's seat; the revolver belonged to the codefendant, who was an employee of a private patrol agency.

When arraigned upon the original information petitioner admitted he was armed with a revolver and also was in possession of a blackjack, each of which is a deadly weapon,

---

[1]The report of the probation officer is in the file which we have reviewed pursuant to the authority conferred by rule 60 of the California Rules of Court.

when he committed the attempted burglary. Under these circumstances, as facts establishing the degree of a burglary need not be alleged in an information (*People* v. *Pond*, 169 Cal.App.2d 547, 552, 553 [337 P.2d 877]; *People* v. *Martin*, 128 Cal.App.2d 361, 364 [275 P.2d 635]; *People* v. *Collins*, 117 Cal.App.2d 175, 181 [255 P.2d 59]), the court properly fixed the degree of the attempted burglary at first degree. (Pen. Code, § 460, subd. 1.) Petitioner was sentenced to imprisonment in the state prison for the term prescribed by law, the sentences on the attempted burglary and possession of a blackjack offenses to run consecutively. The court also found petitioner previously had been convicted of a felony for which he had served a term of imprisonment.

Heretofore petitioner made several applications for a writ of habeas corpus, each of which was denied. However, none of them incorporated a transcript of the proceedings at the time of pronouncement of judgment, including rearraignment upon the amended information. which has been incorporated in the instant application.

From the record now before us two facts at once are apparent:

■ (1) Petitioner was sentenced for two offenses arising out of a single course of conduct contrary to the proscription in Penal Code section 654. (*In re Grossi*, 248 Cal.App.2d 315, 321 [56 Cal.Rptr. 375]; cf. *People* v. *Moore*, 234 Cal.App.2d 29, 32 [44 Cal.Rptr. 184].) He should not have been sentenced for both the attempted burglary while in possession of a deadly weapon and for possession of a deadly weapon, i.e., a blackjack, which occurred during the attempted burglary, but only upon the greater of those offenses, i.e., the attempted burglary. (See Pen. Code, §§ 461, 664, 12020.) ■ Where the facts, without dispute, establish multiple sentences have been imposed illegally, the judgment may be modified in a habeas corpus proceeding by setting aside the sentence on the lesser offense. (*In re McGrew*, 66 Cal.2d 685, 688 [58 Cal.Rptr. 561, 427 P.2d 161]; *Neal* v. *State of California*, 55 Cal.2d 11, 16-18 [9 Cal.Rptr. 607, 357 P.2d 839].)

(2) Petitioner was not advised of his right to counsel at the time the amended information was filed; admitted the prior felony conviction allegations without advice of counsel; and was not informed of the effect of his admission of these allegations upon his punishment. The minutes of the court support the conclusion petitioner, at his arraignment on the original information, waived his right to counsel. However,

the record is silent on the issue whether his waiver was valid; was made intelligently; and complied with the requirements prescribed by the decisions in *Johnson* v. *Zerbst,* 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357], *People* v. *Carter,* 66 Cal.2d 666, 672 [58 Cal.Rptr. 614, 427 P.2d 214], and similar cases. ▮ Before the court may accept a waiver of counsel it must determine that the accused "understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted. . . ." (*People* v. *Chesser,* 29 Cal.2d 815, 822 [178 P.2d 761, 170 A.L.R. 246]; *People* v. *Carter, supra,* 66 Cal.2d 666, 672; *In re Johnson,* 62 Cal.2d 325, 334-335 [42 Cal.Rptr. 228, 398 P.2d 420].) ▮ In this collateral attack upon the judgment the burden of showing the court did not make a determination that petitioner's waiver was made intelligently is upon petitioner. (*People* v. *Pineda,* 253 Cal.App.2d 443, 479 [61 Cal.Rptr. 144].) There is no such showing respecting petitioner's waiver when arraigned on the original information. The record has been destroyed.[2] ▮ However, even though the court may have made the required inquiry and determination before accepting petitioner's waiver of counsel at the time he entered his pleas of guilty to the offenses charged in the original information, his understanding of the effect of the waiver could not have encompassed the consequences incident to an admission of his prior conviction which was alleged for the first time in the amended information. He admitted the prior conviction on rearraignment without advice of counsel and without any determination by the court whether he knew the consequences of this admission. Petitioner's waiver of counsel when first arraigned applied only to the case made out by the original information. The case made out by the amended information was a new case insofar as the allegations of a prior conviction added by the amendment, if true, automatically increased the minimum penalty (Pen. Code, § 3024), and might have been

[2]The judgment under attack in this proceeding antedated the rule declared in the case of *In re Johnson,* 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420], that "a judgment under which an indigent defendant is confined is constitutionally defective unless the record affirmatively shows that the failure to provide him with counsel at trial was the result of a knowing and intelligent waiver on his part." (*In re Smiley,* 66 Cal.2d 606, 624 [58 Cal.Rptr. 579, 427 P.2d 179].) Even though this rule were applicable to the present case, there is no record of the proceedings at the time of the arraignment on the original information. Under these circumstances, it would be proper to deny a writ of habeas corpus in the present proceedings because of petitioner's unexcused delay in seeking relief. (*In re Wells,* 67 Cal.2d 873, 875 [64 Cal.Rptr. 317, 434 P.2d 613].)

a factor in fixing the maximum penalty. The reasons which dictate the rule requiring the court to advise a defendant of his right to counsel and in the event he waives this right, before accepting it, to determine whether his waiver is made intelligently, also directs adherence to a similar procedure before accepting an admission of allegations added by an amended information charging a prior conviction. The finding petitioner previously was convicted of a felony should be set aside. However, it should be noted this determination does not foreclose further proceedings in the trial court upon this aspect of the case.

 Although the record in the instant proceeding supports the conclusion the sentence on the possession of a blackjack offense and the finding of the prior conviction should be set aside, it does not support issuance of a writ of habeas corpus freeing petitioner from custody because (1) there is no showing his commitment for the offense of attempted burglary in the first degree is invalid, as it is not shown he did not intelligently waive his right to counsel before entering his plea of guilty to that offense; and (2) there is no showing he would be entitled to a discharge from custody at this time except for the sentence on the blackjack possession offense or the finding of a prior felony. (Generally see *In re Streeter,* 66 Cal.2d 47, 50 [56 Cal.Rptr. 824, 433 P.2d 976].)

We have no reason to believe the adult authority will not conform petitioner's term of imprisonment to the views expressed in this opinion. (Generally see *In re Streeter, supra,* 66 Cal.2d 47, 50-52.)

The sentences upon the blackjack possession offense and the finding of the prior conviction are set aside; the order to show cause is discharged; and the writ of habeas corpus is denied.

Brown (Gerald), P. J., and Whelan, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 22, 1969.