[Crim. No. 7902. First Dist., Div. Three. May 14, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD PERKINS, Defendant and Appellant.

594

## COUNSEL

Jeffrey F. Beck, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and James B. Cuneo, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an appeal from a judgment of conviction after trial by jury for violation of Penal Code section 496 (receiving stolen property). The jury acquitted appellant of a second charge of violating Penal Code section 459 (burglary). Appellant admitted that he had two prior felony convictions.

Appellant represented himself at the trial, and the court acceded to his request to discharge the public defender as his legal counsel.

The first contention is that the trial court did not adequately interview appellant before allowing him to waive his right to counsel and in permitting him to defend his case in propria persona.

It is well settled that before a waiver of counsel may be accepted from a defendant the trial court "is duty bound to determine his competency to represent himself." (*People* v. *Carter,* 66 Cal.2d 666, 672 [58 Cal.Rptr. 614, 427 P.2d 214].) While the court need not find that the defendant possesses "either the acumen or the learning of a skilled lawyer" (*People* v. *Linden,* 52 Cal.2d 1, 18 [338 P.2d 397], cert. den. 361 U.S. 867 [4 L.Ed.2d 106, 80 S.Ct. 127]), it should make inquiry to determine that a defendant understands the nature of the charge, the elements of the offense, the pleas and defenses which are available or the punishments which may be exacted. (*In re James,* 38 Cal.2d 302 [240 P.2d 596]; *In re Johnson,* 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420].)

The decision of the trial court as to whether the criminal defendant is capable of making a knowing and intelligent waiver is within the discretion of the trial court after making proper interrogations and will rarely be disturbed on appeal in the absence of a showing of abuse. (*People* v. *Carter, supra,* 66 Cal.2d 666; *People* v. *Floyd,* 1 Cal.3d 694 [83 Cal.Rptr. 608, 464 P.2d 64].)

The record does not affirmatively disclose that the trial judge determined that appellant understood " 'the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted.' " (*In re James, supra,* 38 Cal.2d 302, 313; *In re Johnson, supra,* 62 Cal.2d 325.) In essence, the judge merely determined that appellant understood that he would be in the same position as an attorney and would be held to the same rules and procedural matters. Except for matters to which we shall hereafter refer, the trial court invited possible reversal by reason of its failure to make proper inquiry.

Pointed and direct criticism of and sympathy for a trial court's failure to determine the defendant's qualifications to represent himself was expressed by our Supreme Court in *People* v. *Carter, supra,* where the court stated: "Once again the failure of a trial court to navigate adroitly between the Scylla of denying a defendant the right to determine his own fate and the Charybdis of violating his right to counsel by acceptance of an ineffectual waiver has brought a prosecution to grief." (P. 667.)

The trial judge here, however, did preside over a prior trial in which the appellant was the defendant and had some opportunity to observe him.

■ Notwithstanding the trial court's failure to make a proper examination, where the question is first raised on appeal, the appellant shoulders the burden of proving that he did not competently and intelligently waive his right to counsel. (*People* v. *Feeley,* 179 Cal.App.2d 100, 106 [3 Cal.Rptr. 529]; *People* v. *Kranhouse,* 265 Cal.App.2d 440, 447 [71 Cal.Rptr. 223]; *People* v. *Kellett,* 1 Cal.App.3d 704, 711 [81 Cal.Rptr. 917].) If his waiver of his right to counsel was not a competent or intelligent decision, such must be established by a preponderance of the evidence. (*Moore* v. *Michigan,* 355 U.S. 155, 161-162 [2 L.Ed.2d 167, 172-173, 78 S.Ct. 191].)

■ We have concluded that appellant has failed to offer any evidence indicating that his waiver was less than an intelligent one or that he lacked the competency to make such a decision. On the contrary, the record on the whole discloses that appellant was quite knowledgeable of criminal proceedings and was surprisingly adroit at presenting his legal arguments to the jury.

■ Appellant next contends that he was denied his Sixth and Fourteenth Amendment rights to confront witnesses when the trial court allowed the prosecution to read the transcribed testimony of a witness who had testified at appellant's earlier trial for arson and burglary.

■ Former testimony given by a witness may, however, be introduced at a later trial as an exception to the hearsay rule (Evid. Code, § 1291), and said admission is specifically allowed in criminal cases (Pen. Code, § 686, subd. 3 (a); see *People* v. *Nieto,* 268 Cal.App.2d 231, 235-236 [73 Cal.Rptr. 844]). The admission of such testimony will not be violative of the Sixth Amendment right to confrontation of witnesses if it be shown that said witness is unavailable at the time of trial and that the prosecution has made a good faith and diligent effort to obtain the witness' presence so that he might personally appear at trial. (*Barber* v. *Page,* 390 U.S. 719, 725-726 [20 L.Ed.2d 255, 260-261, 88 S.Ct. 1318]; *People* v. *Harris,* 266 Cal.App.2d 426, 432-434 [72 Cal.Rptr. 423].)

■ Here the evidence disclosed that the witness at the time of his original testimony was in the army and stationed at Fort Lewis in the State of Washington. The district attorney attempted to ascertain his whereabouts and was informed by the army authorities that he was AWOL. The district attorney also sought assistance from the surrounding law enforcement authorities but to no avail.

We have concluded that the record discloses that the district attorney acted diligently and in good faith after the setting of the case for trial in

order to insure the physical presence of the witness. Appellant's contention is without merit.

■ Appellant next contends that the courtroom identification of the stolen property admitted into evidence was the fruit of actions constituting an illegal search by the identifying officer on the witness stand.

The stolen property of which appellant stands convicted of receiving was taken from the home of Albert Groth on August 2, 1968. On that date Groth's home was destroyed by fire and appellant was also convicted on a charge of arson arising from that incident. (1 Crim. No. 7751, March 25, 1970.)

■ The claim respecting the illegal search is based upon action taken by Officer Storr of the California Highway Patrol. At about 1:30 a.m. on August 2, 1968, the officer stopped an automobile after observing it being driven in an erratic manner. Appellant was a passenger in this vehicle along with two other individuals and the driver. The officer, upon observing an open bottle of rum in the vehicle, searched the car and found an automobile license plate which had been reported as stolen.

The occupants of the car were informed that transporting open liquor bottles inside the vehicle was illegal and were advised to place same in the trunk of the car. When the trunk was opened by one of the occupants, Officer Storr observed the chain saw, shirts, and blanket which were later admitted into evidence as property stolen from the Groth residence. The occupants of the car were then taken to the Eureka Police Department for questioning regarding the stolen license plate. While being questioned inside the police station, a search was made of the vehicle's trunk in an attempt to locate the duplicate of the stolen license plate. During this search the matching stolen license plate was discovered and the officer also found silverware and a silver coffee set in addition to the chain saw, shirts and blanket observed when the trunk was initially opened at the roadside stop.

There was no reason at that time for the officers to believe that any of this property was stolen and no arrests were made.

A few days thereafter the Humboldt County police received information from an informer of the location of some of the stolen Groth property. The chain saw had been pawned, and it was traced to one of appellant's companions.

■ Because of the mobility of automobiles, they may be searched without a warrant upon facts which would not justify a warrantless search of a building. (*Brinegar* v. *United States,* 338 U.S. 160 [93 L.Ed. 1879, 69 S.Ct. 1302]; *Carroll* v. *United States,* 267 U.S. 132 [69 L.Ed. 543, 45 S.Ct.

280, 39 A.L.R. 790].) It has always been insisted, however, that the officers conducting such a search possess "reasonable or probable cause" to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin said search. (*Dyke* v. *Taylor Implement Mfg. Co.,* 391 U.S. 216, 221 [20 L.Ed.2d 538, 543, 88 S.Ct. 1472].) ██ No such probable cause is shown by this record.

██ Here, although the search of the trunk of the automobile at the police station was illegal, it was not the means by which the stolen property was recovered. Nor did said illegal search lead authorities to other means of recovering the contraband. The record is sufficiently clear to demonstrate that the recovery, by reason of the information from an informer, was totally independent of the illegal search made by Officer Storr. Appellant argues that it was only because of the illegal search made by Officer Storr that he was able to identify the recovered items in court and thus implicate appellant. It is noted that while the chain saw, shirts and blanket were identified and admitted into evidence, the silverware and coffee set were not used at the trial. All of the items admitted into evidence were legally observed by Officer Storr when the trunk was first opened by one of the occupants and again observed through the illegal search. The subsequent illegal search additionally disclosed only items which were not introduced in evidence.

Appellant urges that *if* he could have established that through some circumstance the officer could not have obtained an adequate observation of these items at the roadside, then his testimony would have been stricken because his only identification would have been based on the illegal search. A sound theory, but there is no evidence indicating that the officer was not able to observe said items at the scene of original detention and nothing precluded appellant from attempting to establish such at the trial. This search and seizure question may be likened to the courtroom identification of a defendant after there has been an unconstitutional lineup, and there is evidence that said identification had a basis independent of the illegal lineup. In such a situation the proper test to be applied is that set forth in *Wong Sun* v. *United States,* 371 U.S. 471, 488 [9 L.Ed.2d 441, 445, 83 S.Ct. 407], wherein it was stated: " 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' " (Followed in *United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926].)

In the instant case there was evidence to show that Officer Storr clearly observed the admitted evidence at the roadside scene when the trunk was opened by one of the vehicle's occupants. Thus, his courtroom identification

of these items was based on a legal observation and not on the alleged illegal search of the trunk at the police station.

Appellant's final contention is that evidence relating to the fact that he had suffered a prior conviction was unduly prejudicial to him.

Generally, evidence that a defendant has committed prior crimes is inadmissible as to the issue of criminal disposition because the prejudicial effect of such evidence outweighs any probative value of same. (*People* v. *Kelley*, 66 Cal.2d 232, 238-239 [57 Cal.Rptr. 363, 424 P.2d 947].) A prior crime is, however, admissible when relevant to prove motive, opportunity, intent, scheme, etc., or other issue other than mere criminal disposition. (Evid. Code, § 1101, subd. (b).)

"The relevancy of evidence that proves crimes other than that charged must, of course, be examined with care, due to the prejudicial nature of all such evidence, and it should not be admitted simply on the showing that some part of that transaction is relevant to the case. The possibility of severing relevant from irrelevant portions should, in every case, be considered, thereby protecting the defendant against reference to other crimes where it has no tendency to establish facts pertinent to the proof of the crime charged." (*People* v. *Dabb*, 32 Cal.2d 491, 500 [197 P.2d 1].)

The testimony of the two Forestry Department employees, one employee of the Department of Corrections and one F.B.I. agent was received concerning the activities of appellant while he was a prisoner in the Eel River Conservation Camp near the Groth residence. This testimony revealed that he had suffered a prior conviction.

The testimony established that defendant had been constructing a firebreak near the Groth residence and that on June 10, 1968, a footprint made by appellant's boots was found 70 yards away from the Groth residence. The footprint was in an area where the inmates of the camp were not supposed to be, as it was farther from their work area than they were allowed to go.

This evidence was relevant to show that appellant did in fact know of the house.

It is true, of course, that the witnesses could have testified to appellant's activities without disclosing that he was on a prison work crew at the time. The appellant, however, did not formally object to the introduction of the evidence. If it was error to admit the testimony, such error in the face of the overwhelming evidence of appellant's guilt would not warrant reversal. It is not reasonably probable that a result more favorable to appellant would have been reached in the absence of said testimony. (Cal. Const.,

art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818, 836-838 [299 P.2d 243], cert. den. 355 U.S. 846 [2 L.Ed.2d 55, 78 S.Ct. 70]; *People* v. *Fain,* 70 Cal.2d 588, 599 [75 Cal.Rptr. 633, 451 P.2d 65]; *People* v. *Scherr,* 272 Cal.App.2d 165, 172 [77 Cal.Rptr. 35].)

The judgment is affirmed.

Draper, P. J., and Caldecott, J., concurred.