[Crim. No. 3924. Fourth Dist., Div. One. Feb. 3, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS ALLEN WITT, Defendant and Appellant.

## COUNSEL

James R. Flickinger for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Diana C. Woodward, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**—Defendant, by information, was charged with the offense of petty theft after having been convicted previously of petty theft and having served a term therefor in a penal institution, i.e., a violation of Penal Code sections 484 and 666, subdivision 3; was convicted following trial by the court without a jury, trial by jury being waived; was granted probation, one of the conditions of which was imprisonment in an honor camp; and appeals, contending the court erred in denying his motion to strike the prior conviction from the information.

On September 28, 1967, in the San Diego Municipal Court, defendant was convicted, upon a plea of guilty, of the offense of petty theft; was sentenced to imprisonment in the county jail therefor; and thereafter served the sentence so imposed.

The information in the case at bench was filed June 19, 1969. Before trial defendant moved to strike the allegations therein charging the prior petty theft conviction. Denial of this motion is the sole ground upon which defendant seeks a reversal. The status of the record on appeal is unusual and significant; includes a clerk's transcript; and also includes a settled statement of the proceedings at the hearing on the motion, purportedly prepared pursuant to rule 7 of the California Rules of Court, in lieu of a reporter's transcript, because the reporter's notes of that hearing have been lost.

Neither the minutes of the court nor the settled statement set forth any ground for the motion to strike the allegations charging the prior conviction. However, the evidence presented by the settled statement and the arguments of counsel on appeal suggest the basis for the motion was defendant's contention when he entered his plea of guilty to the prior petty theft he was not represented by counsel and had not intelligently and understandingly waived his right to counsel.

The minutes of the court respecting the hearing on the motion, which are included in the clerk's transcript, show the People introduced in evidence a certified copy of the proceeding in the municipal court in which defendant was convicted of the prior petty theft charge; the parties stipulated to the testimony the judge of the municipal court presiding on the occasion of defendant's conviction would give if called as a witness; and the defendant was sworn and examined. Neither defendant's proposed settled statement nor the settled statement on appeal refer to the fact defendant testified at the hearing or included any part of his testimony. As a consequence, with respect to the contentions urged on this appeal, we must assume the only evidence before the court at the time of the hearing

was the certified copy of the proceeding before the municipal court respecting the prior petty theft and the stipulated testimony of the judge. (Rule 52, Cal. Rules of Court.)

Included in the certified copy of the prior proceeding are the minutes of the court referred to in the settled statement as a "rubber stamp summary of the proceedings," which stated defendant appeared for arraignment; defendant was "advised before being arraigned that he has a right to be represented by counsel at this and every stage of the proceedings and that if he is unable to provide his own counsel, the court would assign counsel to aid him"; defendant was "fully informed of the charges against him and the elements of the crime(s) charged"; the court *finds* "defendant freely and expressly stated that he heard the declaration of his rights and the charges against him and that he understood the same"; the court also *finds* "defendant stated that he did not wish the aid of counsel at this or any other stage of the proceeding in this case"; and also the court "*finds* that defendant made a competent and intelligent waiver of counsel." (Italics added.)

By stipulation it was agreed the judge who presided over the proceeding culminating in the prior conviction would testify he had no personal recollection of the case but it was his practice "to advise all persons in the courtroom that he was going to call them up individually if they were charged with a crime, but before he did so he wanted them to understand their rights"; that "they had a right to be represented by an attorney at all stages of the proceedings and, if they could not afford to hire an attorney, he would provide one free of charge"; that "they had the right to have a trial by jury if they so desired"; and that "at the time they were individually called up, if they had any questions or requests whatsoever they should not hesitate to ask him." It further was agreed the judge would testify that, "pursuant to his normal procedure on September 28, 1967, DENNIS ALLEN WITT was then called to the bench, the Judge then advised him that he was charged with one count of petty theft and asked him how he pled, to which DENNIS ALLEN WITT replied, 'Guilty'."

 Defendant's contention the court erred in denying his motion to strike the allegations charging the prior petty theft offense is premised upon the conceded fact he was not represented by counsel at the time he entered his plea of guilty and upon the claim he had not waived his right to counsel intelligently and understandingly.

Preliminarily we note the procedure on acceptance of defendant's plea of guilty to the prior petty theft charge was not governed by the requirements prescribed by the decision in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], because defendant's plea of guilty

antedated that decision. (*In re Tahl,* 1 Cal.3d 122, 130 [81 Cal.Rptr. 577, 460 P.2d 449].)

A defendant "may waive counsel only if he has an intelligent conception of the consequences of his act . . . and understands the nature of the offense, the available pleas and defenses, and the possible punishments"; and a court may not accept his waiver unless it first determines his competency to act in the premises measured by the foregoing requirements. (*People* v. *Robles,* 2 Cal.3d 205, 218 [85 Cal.Rptr. 166, 466 P.2d 710]; see also *People* v. *Williams,* 2 Cal.3d 894, 908 [88 Cal.Rptr. 208, 471 P.2d 1008]; *People* v. *Floyd,* 1 Cal.3d 694, 703 [83 Cal.Rptr. 608, 464 P.2d 64]; *In re Johnson,* 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420]; *In re James,* 38 Cal.2d 302, 313 [240 P.2d 596].) This rule was in effect at the time defendant entered his plea of guilty to the prior petty theft charge.

A defendant charged with a prior conviction which he contends was obtained in violation of his right to counsel may contest its validity by motion prior to trial. (*People* v. *Coffey,* 67 Cal.2d 204, 215 [60 Cal.Rptr. 457, 430 P.2d 15].) Pertinent to such a procedure is the admonition in *People* v. *Coffey, supra,* 67 Cal.2d 204, 215, that: "We emphasize, however, that the issue must be raised by means of allegations which, if true, would render the prior conviction devoid of constitutional support. 'One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the effect that in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*' "

The record in the case at bench does not disclose the grounds of defendant's motion. Nevertheless, it is conceded he was not represented by counsel in the prior petty theft proceeding. On appeal he does not contend he did not waive counsel. Instead, he contends his waiver of counsel was not made intelligently and understandingly because, as stated in his brief, his plea was entered "without advice from the court of the possible consequences of entering a plea of guilty to the petty theft charge." For the purpose of this appeal we will assume defendant's motion was based on the claim his waiver of counsel was not made intelligently and understandingly, premising our assumption upon the contentions in his brief.

It is the established rule, where a defendant collaterally attacks a judgment of conviction upon the ground it was the product of a violation of his right to counsel he has the burden of showing "he did not have counsel and did not competently and intelligently waive his constitutional right to the assistance of counsel." (*Moore* v. *State of Michigan,* 355 U.S. 155, 161 [2 L.Ed.2d 167, 172, 78 S.Ct. 191, 195]; *In re Connor,* 16 Cal.2d 701, 709-710 [108 P.2d 10]; *In re McWhinney,* 267 Cal.App.2d 691, 696

[73 Cal.Rptr. 291]; *In re Jones,* 265 Cal.App.2d 376, 384 [71 Cal.Rptr. 172]; *People* v. *Pineda,* 253 Cal.App.2d 443, 478 [62 Cal.Rptr. 144]; see also *People* v. *Perkins,* 7 Cal.App.3d 593, 598-599 [86 Cal.Rptr. 585]; *People* v. *Kellett,* 1 Cal.App.3d 704, 711 [81 Cal.Rptr. 917]; *People* v. *Armstrong,* 274 Cal.App.2d 297, 305 [79 Cal.Rptr. 223]; *People* v. *Kranhouse,* 265 Cal.App.2d 440, 447 [71 Cal.Rptr. 223]; *People* v. *Santos,* 245 Cal.App.2d 337, 340 [53 Cal.Rptr. 859]; cf. *In re Johnson, supra,* 62 Cal.2d 325, 332.)

█ The procedure governing a motion contesting the validity of a charged prior offense is outlined in *People* v. *Coffey, supra,* 67 Cal.2d 204, 217-218, where the court said: *"First,* when a defendant, . . . raises the issue for determination, the court shall, prior to trial, hold a hearing outside the presence of the jury in order to determine the constitutional validity of the charged prior or priors in issue. *Second,* in the course of such hearing the prosecutor shall first have the burden of producing evidence of the prior conviction sufficient to justify a finding that defendant 'has suffered such previous conviction.' . . . *Third,* when this prima facie showing has been made, the defendant shall thereupon have the burden of producing evidence that his constitutional right to counsel was infringed in the prior proceeding at issue. *Fourth,* if defendant bears this burden, the prosecution shall have the right to produce evidence in rebuttal. *Fifth,* the court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any prior conviction found to be constitutionally invalid." In a footnote the court further said [p. 217]: "Though the burden of proof as to the constitutionality of the charged prior conviction remains with the prosecution, and the burden of producing evidence rests initially with it, the latter burden shifts to the defendant upon proof of the fact of his having 'suffered' the prior conviction."

In the case at bench, the prosecution complied with the requirement imposing upon it the burden of producing evidence of the prior conviction by introducing a certified copy of the proceeding before the municipal court which showed defendant had been convicted upon his plea of guilty. The copy of the proceeding also included docket entries or minutes of the court recording the events when defendant was arraigned and entered his plea. The minutes show defendant was advised of his right to be represented by counsel; if he was unable to provide for his own counsel the court would assign counsel to aid him; and of the elements of the crime charged. The minutes also record the *findings* of the court (1) that defendant freely and expressly stated he had heard the declaration of his rights and the charges against him and that he understood the same; (2) that he did not wish the aid of counsel at any stage of the proceeding; and (3) that he made a competent and intelligent waiver of counsel.

Defendant's "burden of producing evidence that his constitutional right to counsel was infringed in the prior proceeding" required a showing, among other things, his waiver of counsel was not made intelligently and understandingly. In response to this burden, he offered the stipulated testimony of the judge of the municipal court. This testimony is proof only the judge did those things, made those statements, and asked those questions which the stipulated testimony shows it was his usual practice to do, state and ask. The stipulated testimony does not show the judge, in the course of his usual practice, did not interrogate a defendant charged with petty theft for the purpose of ascertaining whether he had knowledge of the consequences of a conviction and of the punishment therefor, including the effect of a prior conviction for petty theft upon the punishment for a subsequent conviction of petty theft. Stated otherwise, there is no showing the judge, as a part of his usual practice, did nothing other than those things related in his stipulated testimony. There is no testimony by defendant the judge did not inquire of him respecting his competency and knowledge in the premises.

In any event, at the most, the stipulated testimony and inferences premised thereon show only the municipal court judge did not elicit from defendant by appropriate inquiry, before accepting his waiver of counsel, information essential to a determination whether his waiver was made intelligently and understandingly. ■ "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." (*Johnson* v. *Zerbst,* 304 U.S. 458 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 1023].) ■ It has been stated before making such determination the court should make appropriate inquiry of the defendant respecting his competency in the premises. (*People* v. *Carter,* 66 Cal.2d 666, 672 [58 Cal.Rptr. 614, 427 P.2d 214]; *People* v. *Perkins, supra,* 7 Cal.App.3d 593, 598; see also *In re Lopez,* 2 Cal.3d 141, 146 [84 Cal.Rptr. 361, 465 P.2d 257].) However, the failure to make such inquiry, even though it may be error, does not invalidate per se the defendant's conviction without counsel; on appeal may not require a reversal (*People* v. *Williams, supra,* 2 Cal.3d 894, 909; *People* v. *Perkins, supra,* 7 Cal.App.3d 593, 598-599; *People* v. *Floyd, supra,* 1 Cal.3d 694, 704, 710-711 [83 Cal.Rptr. 608, 464 P.2d 64]; *People* v. *Hill,* 268 Cal.App.2d 504, 511 [74 Cal.Rptr. 180]; *People* v. *Kranhouse, supra,* 265 Cal.App.2d 440, 447; *People* v. *Mason,* 259 Cal.App.2d 30, 35 [66 Cal.Rptr. 601]); and on collateral attack, of itself, does not constitute a showing defendant's waiver of counsel was not made intelligently and understandingly. (*In re Fresquez,* 67 Cal.2d 626, 633 [63 Cal.Rptr. 271, 432 P.2d 959]; *In re Jones, supra,* 265 Cal.App.2d 376, 382-384.) The

determination of competency may be based on information volunteered by the defendant without inquiry.

The case at bench does not involve a determination based upon a silent record, either in the municipal court proceeding, or in the superior court proceeding under review. The record in each proceeding shows the issue whether defendant waived his right to counsel intelligently and understandingly was considered and determined. The rule a silent record will not support a presumption of waiver applies also to nonwaiver. (*In re Woods,* 64 Cal.2d 3, 10 [48 Cal.Rptr. 689, 409 P.2d 913].)

 In the superior court proceeding defendant did not offer any evidence supporting the conclusion when he waived his right to counsel and pleaded guilty to the petty theft charge he did not have an intelligent concept of the consequences of his act, understand the possible punishment or know his commission of a subsequent petty theft would constitute a felony. The evidence offered, i.e., the stipulated testimony of the municipal court judge, even assuming its sufficiency to show the court did not interrogate defendant respecting his competency in the premises, does not show his waiver of counsel was not made intelligently and understandingly. (*People* v. *Perkins, supra,* 7 Cal.App.3d 593, 598-599; *In re Jones, supra,* 265 Cal.App.2d 376, 383; see also *People* v. *Floyd, supra,* 1 Cal.3d 694, 703; *In re Johnson, supra,* 62 Cal.2d 325, 332.) There is no showing defendant, prior to entry of his plea, did not accept the invitation of the judge, assertedly a part of his usual practice, to ask questions or make requests; did not volunteer information affording a basis for determining his waiver of counsel was made intelligently and understandingly; or did not know the consequences of a conviction or the punishment for petty theft.

Not only is the order denying defendant's motion supported by the lack of any showing his waiver of counsel was not made intelligently and understandingly, but also by the showing to the contrary submitted by the People through the certified copy of the minute entries of the court in the prior petty theft case. The minute entries contain not only a recital of events evidencing the discharge of official function but also a record of the findings made by the court which, in substance, are decisions in the case, i.e., the official acts of a judicial officer. (See Code Civ. Proc., § 1904.) Among the latter are the findings defendant (1) stated he did not wish the aid of counsel at any stage of the proceeding and (2) "made a competent, intelligent waiver of counsel." The presumption is these minute entries correctly recorded the action of the court. (*In re Lopez, supra,* 2 Cal.3d 141, 146; *In re Johnson, supra,* 62 Cal.2d 325, 330; *In re Chester,* 52 Cal.2d 87, 89 [338 P.2d 431]; *In re Connor, supra,* 16 Cal.2d 701, 708; *Wutchumna Water Co.* v. *Superior Court,* 215 Cal. 734, 737 [12 P.2d 1033]; gen. see

Evid. Code, § 1280 and Comment—Law Revision Com. 296 West's Ann. Cal. Codes, p. 376.) The stipulated testimony does not support a contrary conclusion. The finding by the municipal court defendant competently and intelligently waived his right to counsel supports a similar finding by the superior court in the case at bench. (Code Civ. Proc., § 1909; gen. see *Hall* v. *Johnston,* 91 F.2d 363; *People* v. *Glover,* 257 Cal.App.2d 502, 512 [65 Cal.Rptr. 219].)

The judgment is affirmed.

Whelan, J., and Ault, J., concurred.