[Crim. No. 10306.   In Bank.   Mar. 2, 1967.]

In re WILBUR EUGENE STREETER on Habeas Corpus.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Wilbur Eugene Streeter, in pro. per., and Lionel K. Hvolboll, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Harold F. Bradford and Daniel J. Kremer, Deputy Attorneys General, for Respondent.

PETERS, J.—Wilbur Eugene Streeter is presently confined in Folsom State Prison pursuant to a 1944 sentence pronounced after his conviction, upon a plea of guilty, for first degree robbery. He is also subject to a 1946 sentence pronounced after his conviction, following a nonjury trial, for escape—said escape sentence to commence, as formerly required by section 4530 of the Penal Code, at the time that defendant would otherwise have been discharged from said state prison.

It appears that prior to petitioner's 1944 robbery conviction he had been convicted of two prior felony offenses in the State of Ohio. One of these, a 1940 forgery conviction

entered upon a plea of guilty, was charged against and admitted by petitioner when he was arraigned for sentence on the robbery conviction. The other, a 1937 conviction for burglary and larceny, also entered upon a plea of guilty, was not charged against petitioner at this time or at any time thereafter, although a discussion of it appears in the probation report prepared prior to sentencing on the robbery conviction. Petitioner alleges that both prior Ohio convictions, the one not formally charged against him as well as the one formally charged, "have received active contemplation by Adult Authority members as prima facie evidence of past criminality which is a criterion of major importance in judgment of parole eligibility and/or fixing of term."[1] Petitioner further alleges as to each of these two convictions that he was not represented by counsel, was not advised of his right to have the assistance of counsel and did not waive his right to counsel, before entering his guilty pleas. He accordingly contends that each of the Ohio prior convictions should be withdrawn from the consideration of the Adult Authority in its determinations regarding parole eligibility and fixing of term. ■ Habeas corpus is a proper remedy to test the propriety of proceedings before the Adult Authority. (*In re Estrada*, 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948].)

In the recent case of *In re Woods*, 64 Cal.2d 3, 5 [48 Cal. Rptr. 689, 409 P.2d 913], the court quoted with approval the following language from *United States* ex rel. *Savini* v. *Jackson*, 250 F.2d 349, 355: " 'To the extent that any State makes its penal sanctions depend in part on the fact of prior convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions.' " In *Woods* the petitioner alleged that he had been denied the right to counsel as to two out-of-state prior convictions which had been utilized, along with a California robbery conviction, to obtain an adjudication of habitual criminal status (Pen. Code, § 644), and it was there determined that our burden required a present inquiry into the truth of petitioner's allegations. (*In re Woods, supra*, 64 Cal.2d 3, 5-8; see also *In re Tucker*, 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921].) Similarly, in the case of *In re Luce*, 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918], it was concluded that our burden

---

[1] In the 22 years which have elapsed since petitioner's 1944 robbery conviction he has applied 17 times to have his indeterminate sentence fixed, and he has applied for parole an equal number of times. All applications have been denied.

required an inquiry into the truth of such allegations relative to a prior misdemeanor sex offense utilized to elevate a second misdemeanor offense to felony status (see Pen. Code, § 314, subd. 2).

In each of the foregoing cases the constitutional inquiry was sought relative to prior convictions that (1) had been subject to a California judicial determination, and (2) were directly relevant to determining either the substantive offense charged or the penal status sought to be established. The instant case differs in both respects. One of the prior convictions sought to be challenged, that is the 1937 burglary and larceny conviction, has never been subject to a California judicial determination because it was never formally charged against petitioner in this state. Furthermore, neither of the two prior convictions is directly relevant to a determination of the substantive offense charged or petitioner's status for penal purposes, for he has never been charged with habitual criminality and his present confinement derives only from the 1944 first degree robbery conviction.[2] ▉▉▉ We must therefore here determine whether the burden of constitutional inquiry which was articulated in *Woods* extends to a situation such as that at bar where California ''penal sanctions'' depend upon the challenged prior convictions only in the sense that the Adult Authority, in its administration of the indeterminate sentence law, has or may have such prior convictions within its contemplation.

▉▉▉ We are of the opinion that an inquiry into the constitutionality of petitioner's prior convictions is not required in the circumstances of the instant case. As noted above, the convictions here at issue do not affect petitioner's penal status in the sense that they activate statutory machinery operating to directly limit his consideration for term-fixing or parole.[3] ▉▉▉ Rather, at this late date in petitioner's period of confinement, the prior convictions simply form a part

---

[2] The sentence for first degree robbery is five years to life (Pen. Code, §§ 213, 671) regardless of the presence or absence of prior convictions.

[3] An adjudication of habitual criminal status, for example, results in a determinate life sentence (Pen. Code, § 644) subject to parole limitations even more stringent than those obtaining to the usual life sentence. (See Pen. Code, §§ 3047-3048.5.) In contrast, the only comparable effect of prior convictions, adjudicated or otherwise (see *In re Basuino*, 22 Cal.2d 247 [138 P.2d 297]), upon one sentenced to an indeterminate term is that a minimum term of actual imprisonment is required according to the provisions of section 3024 of the Penal Code. The provisions of this section are moot as regards the instant case because petitioner has already served beyond the minimum period there set forth.

of the comprehensive body of material on the basis of which the Adult Authority's "entire discretion" as to term-fixing and parole is to be exercised. (See and compare *Roberts* v. *Duffy*, 167 Cal. 629, 640 [140 P. 260].) In these circumstances it is appropriate to rely on the Adult Authority's presumed knowledge of recent decisions of this court and the United States Supreme Court relative to the right to counsel, and to anticipate that suitable consideration will be afforded prior convictions sustained before those decisions were rendered.

It is of course clear that this court may, in appropriate cases, require that the Adult Authority afford proper consideration to applications for term-fixing or parole. Thus, in *Neal* v. *State of California*, 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], we determined that the provisions of section 654 of the Penal Code forbidding multiple punishment had been violated relative to a certain arson conviction. We set aside that conviction and directed the Adult Authority to exclude it from consideration in connection with petitioner's eligibility for term-fixing or parole. Again, in the case of *In re Estrada, supra,* 63 Cal.2d 740, we determined that petitioner therein was being improperly denied parole consideration because his eligibility was being considered under the wrong statute, and we directed the Adult Authority to fix petitioner's sentence as provided in the proper statute and to determine his eligibility for parole accordingly.

The rationale of the foregoing cases, however, does not extend to the instant case, for in each of the prior cases the law compelled the Adult Authority to exercise its discretion in view of certain factors which, based on factual determinations and the application of legal principles thereto, were announced to the Adult Authority. Although the validity or invalidity of the prior convictions in the instant case would also depend upon the legal effect of factual determinations, the Adult Authority is not compelled to exercise its discretion in these circumstances in a particular manner dependent upon the validity or invalidity of those convictions. Unlike the situations in the prior cases, the determinations in the instant case, if made, would not bear directly upon petitioner's status as a convicted felon, or bring into operation any statutory procedures relating thereto. Realistically, the challenged priors bear at most a questionable effect on the actual matter of term-fixing or parole due to the fact that petitioner's long imprisonment has rendered inapposite statutory directives regarding his minimum term and has placed the case wholly

within the broad discretion of the Adult Authority. In fact it would seem that to order such an inquiry in this case would amount to a futile act, for the circumstances indicate that petitioner's continued imprisonment results from a finding of nonrehabilitation unrelated to specific past criminal history.

The petitioner seeks to raise several contentions relating to the 1944 robbery conviction, which is the basis of the sentence he is now serving, and also several contentions relating to the 1946 escape conviction. No appeal was taken from either conviction. All of the claimed errors could have been raised on appeal, and no reason is alleged sufficient to excuse his failure to appeal. Under such circumstances the contentions cannot be considered on collateral attack. (*In re Dixon,* 41 Cal.2d 756 [264 P.2d 513]; *In re Swain,* 34 Cal.2d 300 [209 P.2d 793].)

Petitioner particularly urges that, following his arrest in 1944 on the basic robbery charge a confession was secured by coercive methods, and that the existence of that confession together with his ignorance of the law and the threat that his wife might be prosecuted, induced the plea of guilty. Petitioner, as already pointed out, did not appeal from the conviction, assuming that his ignorance of the law and the fear that his wife might be prosecuted, should excuse the 22-year delay. These averments, the point raised being of constitutional dimension, might excuse a reasonable delay, but of necessity, there must be some practical limit to the period in which the power to investigate is excused. (Cf. *In re McCoy,* 32 Cal.2d 73, 76 [194 P.2d 531]; *In re Wallace,* 24 Cal.2d 933, 938 [152 P.2d 1].) That period has here long elapsed. The general rule precluding consideration of points that could have been raised on appeal governs.

The order to show cause is discharged and the petition for the writ is denied.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Peek, J.,* concurred.

On March 29, 1967, the opinion was modified to read as printed above.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.