**Wilbur Eugene STREETER, Appellant,**

v.

**Walter CRAVEN, Warden, etc., Appellee.**

**No. 23142.**

United States Court of Appeals
Ninth Circuit.

Nov. 3, 1969.

Wilbur E. Streeter, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Michael J. Kelly, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL and CARTER, Circuit Judges, and JAMESON,* District Judge.

* Hon. William J. Jameson, Senior District Judge, District of Montana, sitting by designation.

PER CURIAM:

This is an appeal from an order of the district court denying appellant's petition for a writ of habeas corpus. Appellant, a state prisoner in Folsom, on February 4, 1944, had been sentenced on his guilty plea for the crime of robbery in the first degree and thereafter on May 20, 1944 sentenced to a consecutive sentence for escape.

Twenty-one years later appellant began a series of habeas corpus proceedings in the state courts, all of which were denied. Included was a petition to the Supreme Court of California. That court issued an order to show cause, had the matter briefed and heard oral argument. The petition was denied with a written opinion. In re Streeter, (1967) 66 Cal.2d 47, 56 Cal.Rptr. 824, 423 P.2d 976. Subsequent petitions were filed in the state courts and denied.

Appellant then filed in forma pauperis the petition for writ of habeas corpus which was denied below in the district court. The district court also denied a certificate of probable cause to appeal in forma pauperis. This court also denied a certificate of probable cause.

Thereafter, on appellant's application, the Supreme Court of the United States vacated this court's denial of the certificate of probable cause. This court then granted such a certificate in the light of Peyton v. Rowe, (1968) 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.

In the district court appellant had attacked both the robbery and the escape convictions. The district court considered appellant's contentions as to the escape conviction, and rejected them in a written memorandum of decision. Properly relying on McNally v. Hill, (1934) 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, then the controlling law, the district court did not consider appellant's contentions as to the robbery conviction. Thereafter Peyton v. Rowe, supra, cut the ground out from under the district court's decision.

I

## THE ESCAPE CONVICTION

The appellant's attack on the admission of statements used against him in the escape trial, based on Miranda v. Arizona, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, was properly rejected. Miranda is not retroactive. Johnson v. New Jersey, (1966) 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■ The district court properly refused to hold a hearing on the issue of voluntariness. Appellant after his escape, was returned to the prison by Mr. Cheetham, the Executive Secretary to the Warden at San Quentin. Appellant alleges Cheetham questioned him about the escape on the way back. He also alleges he appeared before a disciplinary board, was asked and answered questions about the escape and given a penalty of 29 days in isolation.

Appellant does not allege he was coerced or that his answers to either questioning was involuntary. More important, there was utterly no issue about the fact he escaped. He had been in San Quentin prison, he was picked up and arrested in Yolo County and returned to prison. The statements appellant claimed he made as to how he escaped were not material to any issue in the escape case.

■ The district court properly concluded that defects in an arrest are not cognizable in habeas corpus and that attempting to frame an issue as to the admissibility of statements taken after arrest merely raises the question of voluntariness discussed above.

■ The district court correctly concluded that delay in arraignment, standing alone, without a showing of prejudice to appellant, presented no federal question. Appellant at the time of the escape proceedings was also confined on the robbery charge. Delay in arraignment might have had more meaning if appellant were otherwise at liberty.

The district court properly concluded that appellant had not shown prejudice by the absence of counsel at the preliminary hearing.

Nor was the district court in error in holding that appellant had failed to state a claim for relief on the basis of incompetency of trial counsel, and in holding that alleged constitutional infirmities pertaining to the 1944 robbery conviction afforded no defense to the 1946 prosecution for escape.

The judgment of the district court is affirmed as to the 1946 escape conviction.

## II

### THE 1944 ROBBERY CONVICTION

Since the district court's decision was prior to Peyton v. Rowe, supra, appellant's contentions as to his 1944 robbery conviction must be considered, and this case is remanded for an evidentiary hearing for that purpose. See, Pre-Trial Suggestions, etc., 32 F.R.D. 391 and the language in Sanders v. United States, (1962) 373 U.S. 1, 22–23, 83 S.Ct. 1068, 10 L.Ed.2d 148, quoted therein.

## III

### ATTACK ON CALIFORNIA INDE-TERMINATE SENTENCING PROCEDURES

Appellant also attacks the California indeterminate sentence law. This court in Conway v. Calif. Adult Authority, on an ex parte motion, unreported, held without opinion that no federal question was presented.

On January 27, 1969, the Supreme Court granted certiorari in Conway, No. 874 (211 Misc.), 393 U.S. 1062, 89 S.Ct. 720, 21 L.Ed.2d 705.

This problem does not affect the validity of either of the two convictions, but the district court may well decide to hold the case pending decision in Conway, supra.

Affirmed in part; reversed and remanded in part.