Opinion
 

 THE COURT.
 

 —In late 1969 defendant entered his plea of guilty to second degree burglary. After suspending criminal proceedings, on February 13, 1970, defendant was found to be a narcotic addict and was committed to the California Rehabilitation Center.
 

 Criminal reinstatement was ordered on December 3, 1976, and on December 23, 1976, defendant was sentenced to state prison for the term prescribed by law with 2,559 days of credit.
 

 It is defendant’s position that he was entitled to the benefits of the Uniform Determinate Sentencing Act. The trial court did not err in sentencing defendant in compliance with the law as it stood at the time of sentencing which was more than six months prior to the operative date of the act (July 1, 1977).
 

 
 *427
 
 Defendant urges we remand to the trial court for resentencing pursuant to the act because his judgment is not final and he is entitled to the benefit of the changes in the law. The cases relied upon by defendant, such as
 
 In re Estrada,
 
 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], involve ameliorative enactments in which the Legislature made no express statement as to its intent regarding prospectivity or retroactivity. In those cases an implied intent for retroactivity to judgments not final was found. Here the Legislature has spoken.
 

 The act precludes determinate sentencing by the court in those cases where the crime was committed prior to July 1, 1977. (Pen. Code, §§ 1168, subd. (b), 1170, subd. (a)(2); see Pen. Code, §§ 1170.2, subd. (d) 1170.2, subd. (e).) Instead, the Legislature has set up statutory procedures by which the Community Release Board shall apply the act to those persons who committed their crimes prior to July 1, 1977. (E.g., see Pen. Code, §§ 1170.2, 2930, subd. (b), 2931, subd. (a), 3000, subd. (b), 3040, 3041.)
 

 Here the trial court acted properly in sentencing defendant to an indeterminate sentence because the act was not effective at the time. Even if it had been either effective or operative at the time of sentencing, the act precludes the trial court from determinate sentencing in defendant’s case and renders meritless defendant’s claim that we should remand for resentencing under the act.
 
 In re Estrada
 
 and its progeny are here inapplicable because the Legislature has specifically declared the manner by which the act will be applied to those in defendant’s position. If the Community Release Board fails to properly apply the terms of the act to defendant, the remedy of habeas corpus is available.
 

 Judgment is affirmed.