[Crim. No. 3841. Fifth Dist. Dec. 22, 1978.]

In re HAROLD GREENWOOD on Habeas Corpus.

COUNSEL

Harold Greenwood, in pro. per., Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Richard E. Shapiro and Mark E. Cutler, Deputy State Public Defenders, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher, Albert C. Buehler and Nelson P. Kempsky, Deputy Attorneys General, for Respondent.

## OPINION

**BROWN (G. A.), P. J.**—In an information as amended petitioner was charged with burglary (Pen. Code, § 459)[1] and forcible rape (§ 261, subd. 3)—both alleged to have occurred on December 18, 1975—and five prior burglary convictions.

On March 8, 1976, he pleaded guilty to first degree burglary and admitted two prior burglary convictions, a California conviction which occurred April 15, 1969, and a Texas conviction which occurred January 7, 1974. On March 29, 1976, he was sentenced under the Indeterminate Sentence Law (ISL) for the burglary conviction with the two priors.

---

[1]All code references are to the Penal Code unless otherwise indicated.

On April 6, 1978, the Community Release Board (CRB) under the retroactive provisions of the determinate sentence law (DSL) convened a serious offender hearing pursuant to section 1170.2, subdivision (b), set forth in the margin.[2]

After the statutory hearing the CRB recomputed petitioner's term at seventy-two months by aggravating to four years the three-year middle term for burglary, then enhancing the upper term by two additional years comprising one year for each of petitioner's two prior felonies.

While there are some satellite issues, petitioner's nucleus contentions are that the statutory principles and California Rules of Court which govern trial court sentencing apply to serious offender hearings and that those principles and rules were violated because petitioner suffered only one prior prison term which would qualify under section 667.5; that there was a dual use of the prior prison terms to both aggravate and enhance in violation of section 1170, subdivision (b), and California Rules of Court rule 441; and that the CRB based its finding of aggravation on erroneous factors.[3]

---

[2]Section 1170.2, subdivision (b) provides in pertinent part that if "at least two of the members of the Community Release Board after reviewing the prisoner's file, determine that due to the number of crimes of which the prisoner was convicted, or due to the number of prior convictions suffered by the prisoner, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, or used a deadly weapon during the commission of the crime, or inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a), . . . the prisoner shall be entitled to a hearing before a panel consisting of at least two members of the Community Release Board as provided for in Section 3041.5. . . . At such hearing the prisoner shall be entitled to be represented by legal counsel, a release date shall be set, and the prisoner shall be informed in writing of the extraordinary factors specifically considered determinative and on what basis the release date has been calculated. In fixing a term under this section *the board shall be guided by, but not limited to,* the term which reasonably could be imposed on a person who committed a similar offense under similar circumstances on or after July 1, 1977, and further, *the board shall be guided by the following finding and declaration hereby made by the Legislature: that the necessity to protect the public from repetition of extraordinary crimes of violence against the person is the paramount consideration.*" (Italics added.)

[3]The CRB's written report of the extended term proceedings stated the factors upon which it based its aggravation and enhancements. That report states:

"Reasons for Upper DSL:

"Extended history of criminal conduct. Judicial Council Rule 421(a)(1), threat of bodily harm, tore nightgown off victim. Judicial Council Rule 421(b)(2), prisoner has increased from burglary to nighttime burglary with some sexual overtones. From 1966 to 1978 prisoner has been in almost continuous custody. Judicial Council Rule 421(b)(3), had served prior prison terms. Judicial Council Rule 421(a)(4), on parole at the time. Judicial Council Rule 421(b)(5), prior performance on parole unsatisfactory.

"The base term set forth above is increased due to the following factors:

Quite obviously if the CRB in serious offender hearings is not strictly bound by the statutory principles and California Rules of Court but is to utilize them only as guidelines, a violation thereof would not per se invalidate CRB action. ■ We have concluded that an analysis of the statutory provisions and the functions of the CRB as successor to the Adult Authority in the administration of the ISL (see §§ 5077, 5078) leads unerringly to the conclusion that the CRB when acting pursuant to section 1170.2, subdivision (b), is not required to strictly apply the statutory principles and California Rules of Court which are binding upon trial courts in passing sentence. Further, the specific terms of section 1170.2, subdivision (a), require the CRB to apply those principles and rules only when recalculating sentences under that subdivision.

Commenting upon section 1170.2, subdivision (b), the court in *Way* v. *Superior Court* (1977) 74 Cal.App.3d 165, 172-173 [141 Cal.Rptr. 383], explicated that section. "The statute appears to require that such a longer term be justified on the basis of certain objective facts, viz. (1) the number of crimes of which the prisoner was convicted; (2) the number of prior convictions; (3) the fact that the prisoner was armed; or (4) that he used a deadly weapon; or (5) that he inflicted great bodily harm on the victim; this is further implied by the due process guarantees written into the law, including an inmates' right to counsel and to be 'informed in writing of the extraordinary factors specifically considered determinative and on what basis the release date has been calculated.' But having thus seemingly narrowed the board's discretion, the Legislature ends on a broad discretionary note: 'In fixing a term under this section the board shall be guided by, but not limited to, the term which reasonably could be imposed on a person who committed a similar offense under similar circumstances on or after July 1, 1977, and further, the board shall be guided by the following finding and declaration hereby made by the Legislature; that the necessity to protect the public from repetition of extraordinary crimes of violence against the person is the paramount consideration.' " (See also *In re Gray* (1978) 85 Cal.App.3d 255, 261 [149 Cal.Rptr. 416].) The Legislature obviously was concerned with the crimes

---

"II

"The prisoner has been committed for prior prison terms as follows:

"Texas for Burglary, paroled to CDC 1/27/75, from CDC 10/30/75, which is a felony within the meaning of Penal Code § 667.5(b). The fact of this prior prison term is found to be true in this hearing and was imposed by the court.

"The term is, therefore, extended by 12 months.

"Burglary Penal Code § 459, Case A-159221 and A-055667, paroled 10/7/72 and 10/30/75, which is a felony within the meaning of Penal Code § 667.5(b). The fact of this prior prison term is found to be true in this hearing and was imposed by the court.

"The term is, therefore, extended by 12 months."

committed by a prisoner involving harm or threat of harm to the victims or potential victims of the crime. █ In adopting its regulations the CRB has employed harm or threat of harm to the victim as a primary consideration (see Cal. Admin. Code, tit. 15, § 2162); and in serious offender proceedings it clearly appears from the express language of the statute that the CRB is given discretion to impose a greater term than could have been imposed by the court under the DSL.

Having a bearing upon this problem is the fact that ". . . recalculation by the CRB of an ISL offender's term of imprisonment pursuant to Penal Code section 1170.2, is not a resentencing. The original indeterminate sentence 'for the term provided by law' remains valid. [Citation.] The only difference is that under section 1170.2, the CRB, in deciding whether to reduce a defendant's term below the maximum, may consider ameliorative effects of the DSA on length of sentences generally and the express legislative objective of uniform treatment of offenders." (*In re Gray, supra,* 85 Cal.App.3d at p. 262; *In re Brown* (1978) 78 Cal.App.3d 647, 652 [143 Cal.Rptr. 549].)

█ The other provisions of the DSL and the California Rules of Court refer only to the courts or the trial judge as being required to apply the sentencing rules (see § 1170, subd. (a)(2), § 1170.3; Cal. Rules of Court, rules 421, 441), thus lending support for the proposition that the CRB, in acting pursuant to section 1170.2, subdivision (b), is not absolutely bound by those principles and rules but is given a broad discretion to recalculate a longer term than the strict application of those principles and rules would permit.

Admittedly the broader the discretion vested in the CRB the more likely there will be less uniformity in sentencing. However, as has been pointed out, the discretion is limited by certain objective restraints, including the requirement that the sentencing principles and practices applicable to the trial court be used as guidelines, the specific standards set forth in section 1170.2, subdivision (b), required before a serious offender hearing may be called, the requirement of presence of counsel and the statutory requirement that the "prisoner shall be informed in writing of the extraordinary factors specifically considered determinative and on what basis the release date has been calculated." (See § 1170.2, subd. (b).) Given these checks and the overall legislative objective of achieving uniformity, we perceive little chance for a wide disparity in terms among serious offenders with similar offenses and backgrounds.

It appears the Legislature had two legitimate objectives: (1) proportionality, that is, that the term of imprisonment be proportionate to the seriousness of the offense, and (2) uniformity in the sentences of offenders committing the same offense under similar circumstances. (See § 1170, subd. (a)(1).) ■ In enacting subdivision (b) of section 1170.2 the Legislature has recognized that the state interest in uniformity must in small measure yield to the compelling state interest in proportionality by preventing extraordinary crimes of violence against the person.

Accordingly, petitioner's summary contention that equal protection is violated by the disparate treatment provided for under section 1170.2, subdivisions (a) and (b), must be rejected. Such disparities are not violative of the equal protection clause if they further a compelling state interest. (*In re Kapperman* (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657].) Clearly the state has a compelling interest in preventing extraordinary crimes of violence.

Moreover, the prisoner always stands to benefit from the redetermination of his term under section 1170.2 since he can never be kept in custody for a period of time longer than he would have been kept under the ISL. (See § 1170.2, subd. (c).) ■■ The CRB succeeded to the power and to the performance of the functions of the Adult Authority in fixing terms and setting parole under the ISL. (§§ 5077, 5078; *People* v. *Superior Court (Gonzales)* (1978) 78 Cal.App.3d 134 [144 Cal.Rptr. 89].) With respect to offenses committed prior to July 1, 1977, the ISL remains in effect. (*People* v. *Superior Court (Gonzales)*, *supra,* 78 Cal.App.3d 134; *People* v. *Alcala* (1977) 74 Cal.App.3d 425 [141 Cal.Rptr. 442].) The authority and discretion to fix indeterminate sentences remain in the CRB even though the factors which the board should consider have been altered. That being the case the same standards of judicial review which have been applied for years under the ISL also apply to the term-fixing decisions of the CRB after a serious offender hearing, namely, whether based upon the entire record the board abused its discretion by acting arbitrarily, capriciously or without information (*In re Minnis* (1972) 7 Cal.3d 639 [102 Cal.Rptr. 749, 498 P.2d 997]; *In re Streeter* (1967) 66 Cal.2d 47 [56 Cal.Rptr. 824, 423 P.2d 976]; *In re Wilkerson* (1969) 271 Cal.App.2d 798, 803 [77 Cal.Rptr. 340]) and whether the actual sentence fixed by the board is constitutionally disproportionate to the offense (*In re Rodriguez* (1975) 14 Cal.3d 639, 653-656 [122 Cal.Rptr. 552, 537 P.2d 384]; *People* v. *Wingo* (1975) 14 Cal.3d 169 [121 Cal.Rptr. 97, 534 P.2d 1001]). ■ In addition section 1170.2, subdivision (b) requires that "the prisoner shall be informed in writing of the extraordinary factors

specifically considered determinative and on what basis the release date has been calculated." This requirement does not imply that the CRB must state the entire evidentiary basis for the conclusions reached in its statement of reasons in order to insulate the statement of reasons against an attack on due process grounds. (See *In re Sturm* (1974) 11 Cal.3d 258, 265-270 [113 Cal.Rptr. 361, 521 P.2d 97]; *Way* v. *Superior Court, supra,* 74 Cal.App.3d 165, 172-173.)

We turn to the record to determine if the CRB abused its discretion in this case, keeping in mind that the CRB in its term fixing function under section 1170.2, subdivision (b), "shall be guided by, but not limited to" the considerations which limit the sentencing court and the CRB when acting pursuant to section 1170.2, subdivision (a).

In aggravating the term the CRB used the court rules (see Cal. Rules of Court, rule 421) and referred to "the extraordinary factors specifically considered determinative" (§ 1170.2, subd. (b)). (See fn. 3, *ante,* for the language of CRB's statement of reasons.)

■ Referring to those reasons, petitioner attacks the statement "Judicial Council Rule 421 (a)(1),[4] threat of bodily harm, tore nightgown off victim" on the ground that tearing the nightgown off the victim does not involve bodily harm or a threat of bodily harm. However the probation report to which the CRB referred Cal. Admin. Code, tit. 15, § 2165, subd. (g)) demonstrates that rule 421 (a)(1) applied. That report shows that the CRB considered evidence that in committing the present offense the petitioner struck his victim over the head and later tore her nightgown and attempted to rape her. The victim was required to seek medical attention for a possible detached retina and for muscle spasms apparently resulting from the attempted rape. The victim reported that she was in great fear for her life and that she believed that if she had not been successful in locking herself in the bedroom petitioner would have killed her.

In view of the expression of the Legislature that the paramount consideration under section 1170.2, subdivision (b), is to protect the public from extraordinary crimes of violence, it is not insignificant that the Legislature in section 667.5 has defined rape as an extraordinary

[4]California Rules of Court, rule 421 provides in part:
"Circumstances in aggravation include:
"(a) Facts relating to the crime, including the fact that:
"(1) The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7."

crime of violence. In this regard petitioner's reference to *People* v. *Caudillo* (1978) 21 Cal.3d 562 [146 Cal.Rptr. 859, 580 P.2d 274] is inapposite. In that case the Supreme Court held that rape in and of itself is not great bodily injury within the meaning of enhancement statutes. However, rule 421 (a)(1), California Rules of Court, relates to *aggravation* of the middle term, *not an enhancement,* and refers to "threat of great bodily harm," not requiring the actual infliction of great bodily injury.

Petitioner also argues that the CRB statement in the statement of reasons "Judicial Council Rule 421 (b)(3), had served prior prison terms" indicates a dual use of facts for aggravation of the middle term and enhancement of the sentence. ■ For the reasons heretofore stated in proceedings under section 1170.2, subdivision (b), the CRB is not bound by the prohibition against dual use of facts in fixing an indeterminate sentence.

■ Petitioner attacks the one-year enhancement assessed by reason of the prior Texas burglary. As noted in footnote 3 in connection with that burglary, the CRB stated:

"The prisoner has been committed for prior prison terms as follows:

"Texas for Burglary, paroled to CDC 1/27/75, from CDC 10/30/75, which is a felony within the meaning of Penal Code § 667.5(b). The fact of this prior prison term is found to be true in this hearing and was imposed by the court.

"The term is, therefore, extended by 12 months."

In fact the CRB's records which were before it at the hearing conclusively show that the prior Texas burglary did not qualify under section 667.5, subdivision (f),[5] because the petitioner did not serve a term of one year in the Texas prison. The CRB panel took the immovable position that it had no discretion with respect to the Texas prior because it had been imposed by the sentencing court and it would not go behind the face of the judicial record. As we have pointed out, however, section

---

[5]Section 667.5 provides in part:
"Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:.

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(f) A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison provided the defendant served one year·or more in prison for such offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law provided the defendant served one year or more in prison for such offense in the other jurisdiction."

667.5 only applies to sentencing courts and to the CRB when it acts pursuant to subdivision (a) of section 1170.2. In section 1170.2, subdivision (b), proceedings the CRB is merely required to use section 667.5 as a guide and could have imposed an additional term for the prior felony notwithstanding the failure of the prior felony to meet the requirements of section 667.5.

However, it clearly appears that the CRB refused to exercise its discretion under section 1170.2, subdivision (b), and treated the Texas prior as if it met the requirements of section 667.5 because the trial court's judgment reflected it had found the Texas prior to be true. The CRB imposed the one-year enhancement for that conviction as if it were acting as a mandatory matter. When imposing an enhancement under section 667.5, subdivision (f), the sentencing court has an obligation to go behind the face of the record to determine if the prior felony prison term in fact meets the requirements of that section.[6]

Based on this record we are simply unable to determine if the CRB would have imposed the additional one-year term if it had exercised its discretion to impose it notwithstanding the failure of that prior to comply with section 667.5.

Accordingly, it is concluded that the CRB's failure to exercise its discretion regarding the nature of the Texas prior requires the case to be returned to the CRB for a new serious offender hearing limited to the issue of the imposition of the additional year for the Texas prior.

Let a writ of habeas corpus issue directing the Community Release Board to schedule and hold a new serious offender hearing pursuant to Penal Code section 1170.2, subdivision (b), limited to the issue of whether an additional term not to exceed one year should be imposed for the Texas prior, all in accordance with the principles enunciated herein; the writ is otherwise denied.

Hopper, J., and Accurso, J.,* concurred.

A petition for a rehearing was denied January 19, 1979, and the opinion was modified to read as printed above. Petitioner's application for a hearing by the Supreme Court was denied on February 14, 1979.

---

[6]We do not here decide whether the CRB is bound in a section 1170.2, subdivision (b) hearing to impose augmentations mandated by subdivision (a) where the trial court's judgment is determinative of the applicability of the enhancement—for instance, where the trial court sentences for use of a firearm. In the instant case, the fact that the trial court found the prior conviction to be true is not determinative of the enhancement because section 667.5 requires service of one year in prison.

*Assigned by the Chairperson of the Judicial Council.